**FILED**

DEC 03 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Ty Clevenger ) | |
| Respondent ) | Attorney Grievance |
| Member of the Bar of the ) | Docket No. 15- **19** |
| United States District Court ) | |
| For the District of Columbia ) | Case: 1:16-mc-02240 |
| ) | Assigned To : Cooper, Christopher R. |
| ) | Assign. Date : 10/31/2016 |
| | Description: Misc. |

## CHARGE OF IMPROPER PROFESSIONAL CONDUCT

Pursuant to LCvR 83.16(d)(7), the Committee on Grievances of the United

States District Court for the District of Columbia ("the Committee") requests that

charges of professional misconduct, as set out below, be filed against Respondent Ty

Clevenger. The charges are based on the following information that has come to the

attention of the Committee:

1. By letter dated December 29, 2014, Mr. Patrick J. Kearney, an attorney and

    member of the bar of this Court, filed a Complaint regarding the

    Respondent's conduct beginning in the case of *Wade Robertson v. William*

    *Cartinhour, Jr.*, 1:09-cv-1642 (ESH), and continuing in litigation before the

    United States Court of Appeals for the District of Columbia Circuit, the

    United States Bankruptcy Court for the District of Columbia, as well as

    several proceedings before courts in other jurisdictions but all related to the

    underlying litigation in this Court. A copy of Mr. Kearney's Complaint is

    attached as Exhibit 1. Mr. Kearney was notified by the Committee that his

    initial Complaint did not comply with LCvR 83.16(d)(1) in that it was not

submitted under penalty of perjury. On July 29, 2015, Mr. Kearney resubmitted his Complaint under penalty of perjury. A copy of the resubmitted Complaint is attached as Exhibit 2.

2. Mr. Kearney's Complaint alleged that Respondent Ty Clevenger had embarked on a "pattern and practice of abuse which has substantially interfered with, and continues to substantially interfere with, the administration of justice." Ex. 1 (Complaint) at 1. Mr. Kearney's Complaint asserts that "[a]t a minimum, Mr. Clevenger's behavior violates Rule 4.4(a) and Rule 8.4(d) of the Rules of Professional Conduct of the District of Columbia." [1] *Id.* Mr. Kearney's allegations can be summarized as follows.

> In August 2009, Mr. Wade Robertson, an attorney proceeding *pro se*, filed a declaratory judgment action against Willis Cartinhour relating to $3.5 million Mr. Robertson had received as Mr. Cartinhour's attorney. The case was assigned to the Honorable Ellen S. Huvelle. Mr. Cartinhour, represented by Mr. Kearney, filed a counterclaim alleging fraud and other torts. Following a hearing in March 2010, Judge Huvelle entered a preliminary injunction sequestering funds traceable to Mr. Cartinhour's original $3.5 million investment.
>
> In May 2010, Respondent Ty Clevenger entered an appearance on behalf of Mr. Robertson in the U.S. Court of Appeals for the District of Columbia Circuit, appealing the preliminary injunction. Respondent filed a number of motions in the D.C. Circuit, including a motion to disqualify Mr. Kearney from representing Mr. Cartinhour, and several motions to stay the proceedings before Judge Huvelle.

---

[1] In his original Complaint, Mr. Kearney also alleged that Respondent had sought contact with Mr. Cartinhour and/or Mr. Cartinhour's psychiatrist without informing Mr. Cartinhour's counsel, in violation of the Rules of Professional Conduct. Mr. Kearney withdrew that allegation when he resubmitted his Complaint on July 29, 2015.

In June 2010, Respondent also filed a complaint with the Committee, alleging that Mr. Kearney filed a false affidavit in the preliminary injunction hearing. At the time of his complaint to the Committee, Respondent did not reveal that he was serving as Mr. Robertson's counsel. The Committee dismissed that complaint in December 2010.

The D.C. Circuit affirmed the injunction entered by Judge Huvelle. In October 2010, the D.C. Circuit also, after issuing a warning to Mr. Clevenger regarding filing frivolous motions, sanctioned Mr. Clevenger for filing yet another frivolous motion. A copy of the order cautioning Respondent and a copy of the order sanctioning Respondent are attached as Exhibits 3 and 4. The Court of Appeals sanctioned Respondent because he "did not heed [the Court's earlier] warning and instead filed the instant motion for stay, his third in this appeal and his fourth in this litigation in this court as a whole."

After his unsuccessful attempts in the D.C. Circuit to stay the proceedings before Judge Huvelle, Respondent filed an action in the United States Bankruptcy Court for the Western District of Tennessee, seeking a temporary restraining order and an automatic stay of the proceedings before Judge Huvelle. That court denied the motion and transferred the case to the United States Bankruptcy Court for the District of Columbia. *See* Exhibit 5. Respondent appealed that order to the United States District Court for the Western District of Tennessee, but the district court affirmed the bankruptcy court's order. *See* Exhibit 6.

In February 2011, Judge Huvelle presided over a jury trial in which a verdict was returned for Mr. Cartinhour and against Mr. Robertson. The jury awarded $3.5 million in damages plus $3.5 million in punitive damages based on breach of fiduciary duties as a partner and attorney, and for malpractice.

Following the jury trial, Respondent filed a series of motions on behalf of Mr. Robertson in the U.S. Bankruptcy Court for the District of Columbia (Judge Teel) seeking to void the $7 million judgment and seeking sanctions against Mr. Kearney and others. When Judge Teel denied Respondent's motions, Respondent appealed to the United States District Court (Judge Lamberth).

In April 2012, then-Chief Judge Lamberth sanctioned Respondent and Mr. Robertson in the amount of $7,249.00, finding that the appeal from Judge Teel's order was ill founded and frivolous. *See* Exhibit 7.   Judge Lamberth found Respondent's arguments to be "ill-founded and frivolous", and that "[t]he complete lack of merit to these claims convinces the Court that they could have been brought for no 'purpose other than to harass and delay.' . . .  The groundless nature of the appeal, unfounded whatsoever in the law warrants sanctions." *Id.* at 5. The Court also noted Respondent's "lengthy history of misconduct and of sanctions already imposed . . ." *Id.* at 6.

In May 2012, Respondent's conduct before the Bankruptcy Court led Judge Teel to sanction Respondent $10,000 (later reduced to $5,000), finding all motions for sanctions and to void the judgment were frivolous. *See* Exhibit 8.  Judge Teel concluded that Respondent had "knowingly and in bad faith advance[ed] frivolous arguments", *id.* at 4, had "acted in bad faith in filing papers he must have known were frivolous," and had done so "in an effort to harass Cartinhour with respect to his efforts to obtain relief against Robertson. . .," *id.* at 35.

Meanwhile, in March 2012, Judge Huvelle dismissed a case brought by Respondent under the Racketeer Influenced and Corrupt Organizations Act in the United States District Court for the Southern District of New York and transferred to this Court. *See* Exhibit 9.

In August, Judge Huvelle sanctioned Respondent $124,000, finding that he filed excessive and frivolous motions in the RICO case and that his conduct in that case was "even more egregious" than the conduct that resulted in sanctions before the D.C. Circuit, Chief Judge Lamberth, and Judge Teel. *See* Exhibit 10 at 4.  Judge Huvelle noted Judge Teel's opinion sanctioning Respondent for "his 'complete disregard for the facts and law in advancing . . . frivolous argument[s] [which] generated a staggering amount of work for the court, and has put Cartinhour and his attorney to the unnecessary burden of defending against frivolous arguments in this and other courts'", *id.*, but then concluded "If anything, [Respondent's] conduct here is even more egregious than in these related cases." *Id.*  Finding Respondent had engaged in "bad faith conduct" and "vexatious and abusive litigation tactics in this case," *id.*, the Court declared "Enough is enough." *Id.* at 13.  Judge Huvelle's

decision was affirmed by the United States Court of Appeals for the District of Columbia Circuit on January 22, 2014. *See* Exhibit 11.

Respondent did not, however, abide by the District Court's "enough is enough" message. In January 2013, after affirming the dismissal of the bankruptcy case, the D.C. Circuit sanctioned Respondent and Mr. Robertson in the amount of double the costs and reasonable attorney's fees based on their arguments in the bankruptcy appeal, and warned Respondent that "any further frivolous filings in this case may result in both [Respondent and Mr. Robertson] being enjoined from filing in this case or from filing any civil appeals or original actions in this court." *See* Exhibit 12 at 1-2.

In May 2014, the D.C. Circuit adopted a Report and Recommendations of the Committee on Admissions and Grievances for the U.S. Court of Appeals for the District of Columbia Circuit and ordered that Respondent be publicly censured for violating District of Columbia Rules of Professional Conduct 3.1 and 8.4(d). *See* Exhibit 13.

In the meantime, Respondent had filed an action in the Montgomery County Circuit Court to take Mr. Cartinhour's deposition and the deposition of Mr. Cartinhour's psychiatrist. That Court granted a blanket protective order on September 9, 2014. *See* Exhibit 14. The Court noted that "[t]he history of the case is replete with litigation references and Maryland is only the latest stop." *Id.* at 4. It further observed that several courts had denied Respondent's discovery requests, "[a]nd accordingly, I do find that any such discovery whether deposition or otherwise or as sought is simply duplicative, it's harassing, it's barred by collateral estoppel and I'm not going to grant any of those requests." *Id.* at 5.

Finally, in November 2014, after many more meritless filings, Judge Lamberth entered an extraordinarily drastic order barring Respondent from filing "any further appeals from the underlying bankruptcy case . . . and from filing new related matters in this Court." *See* Exhibit 15 at 1. Judge Lamberth concluded that "[t]his multitude of frivolous and harassing filings, both in number and in content, made by [Respondent] goes far beyond 'mere litigiousness'. The Court thus finds that a filing injunction is appropriate." *Id.* at 10

3.  Pursuant to LCvR 83.16(d)(4), the Committee on Grievances served a copy of the Complaint on Respondent in June 2015.  *See* Exhibit 16.  Respondent was asked to specifically address the allegations in the Complaint.  On July 13, 2015, Respondent submitted a response.  *See* Exhibit 17.

4.  In his response, Respondent does not specifically address the allegations raised in the Complaint, but rather makes a number of allegations against Mr. Kearney, claims that the Committee should dismiss the complaint or recuse itself because (a) it cannot be both prosecutor and adjudicator; and (b) the Committee had previously considered Respondent's complaint against Mr. Kearney.  Respondent's response also attacks the "credibility of the sanctions orders issued by Judge Huvelle, Judge Lamberth, and Judge Teel." *See* Exhibit 17 at 13.  Finally, Respondent claims in his response that he is being selectively prosecuted by the Committee, that the proceedings before the Committee should be stayed, and that he should be granted the opportunity for discovery, specifically the right to depose Mr. Cartinhour's psychiatrist, Mr. Kearney, and Judge Huvelle.  *Id.* at 16.

5.  At its regular meeting on August 11, 2015, the Committee construed Respondent's various motions and arguments in his response as (1) a motion to dismiss; (2) a motion to recuse on two bases; and (3) a motion to stay. After discussion and consideration, the Committee voted to deny those motions.

6. Based on the foregoing information, and the Committee's investigation into the allegations in the Complaint, including the fact that three judicial officers of this Court, in addition to the D.C. Circuit, have sanctioned Respondent based on egregious conduct that establishes a concerted pattern and effort to add expense and to harass litigants and to abuse and delay the judicial process, the Committee recommends that the Disciplinary Panel charge Respondent with the following violations of the District of Columbia Court of Appeals Rules of Professional Conduct:

    a. **Violation of Rule 8.4(d) – Misconduct**

        It is professional misconduct for a lawyer to

        \*\*\*

        (d) Engage in conduct that seriously interferes with the administration of justice.

    b. **Violation of Rule 3 – Meritorious Claims and Contentions**

        A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or for the respondent in a proceeding that could result in involuntary institutionalization, shall, if the client elects to go to trial or to a contested fact-finding hearing, nevertheless so defend the proceeding as to require that the government carry its burden of proof.

    c. **Violation of Rule 3.2 – Expediting Litigation**

        (a) In representing a client, a lawyer shall not delay a proceeding when the lawyer knows or when it is obvious that such action would serve solely to harass or maliciously injure another.

7

(b) A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

7. In light of the aforementioned violations of the Rules of Professional Conduct, the Committee on Grievances recommends that Respondent, Ty Clevenger, be disbarred from the practice of law in the United States District Court for the District of Columbia.

8. **WHEREFORE**, the Committee on Grievances of the United States District Court for the District of Columbia respectfully prays:

(1) That these charges be filed with the Clerk of the Court;

(2) That the Clerk of the Court be directed by the Disciplinary Panel of this Court to issue a summons to Respondent, Ty Clevenger, directing him to answer the charges within thirty (30) days after the effective date of service as provided in LCvR 83.16(d)(7);

(3) That the Summons and a copy of the charges and the proposed Order of the Court be served upon Respondent by Certified Mail as provided in LCvR 83.16(a);

//

//

//

//

//

//

//

8

(4) That pursuant to LCvR 83.16(d)(8), when Respondent has filed an

answer, the case be set for a hearing before the Disciplinary Panel

of this Court; OR, in the alternative, Respondent will have the

opportunity to waive his right to a hearing and agree to the

recommended discipline referred to in paragraph 7 above.

The Committee on Grievances
of the United States District Court
for the District of Columbia

By: _____
David E. Kendall, Chair

Let these charges be filed:

_____
Judge   J. Boasberg

_____
Judge

_____
Judge

Date: _12/04/2015_____