**FILED**
**OCT 26 2016**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TY CLEVENGER, Member of the Bar of the
United States District Court For the District
of Columbia,

*Respondent.*

Attorney Grievance
Docket No. 15-19

Case: 1:16-mc-02240
Assigned To : Cooper, Christopher R.
Assign. Date : 10/31/2016
Description: Misc.

**ORDER**

On December 3, 2015, the Committee on Grievances of the United States District Court for the District of Columbia ("the Committee") brought three charges of professional misconduct against Respondent Ty Clevenger to the Disciplinary Panel of this Court ("the Panel"). The Panel authorized the filing of the charges on December 4, 2015, and Respondent answered the charges against him on January 19, 2016. The following motions are currently before the Panel: (1) Respondent's Motion to Dismiss; (2) Respondent's Motion to Permit Discovery; and, (3) Respondent's Motion to Transfer. For the reasons explained below, the Panel will deny Respondent's motions.

**A.    Motions to Dismiss and to Permit Discovery**

Respondent "moves the Court to dismiss the Charge[s]" against him "outright" on the basis of "selective prosecution." Mot. to Dismiss at 7. He argues that, while the Committee "engage[s] in malicious fault-finding" and takes a "vindictive approach" against him, it has "refuse[d] to investigate the overwhelming evidence" against other attorneys that Respondent claims to have brought to light. *Id.* at 5–6. Respondent further alleges that "the Committee is retaliating against a whistleblower" based on his "exercise of First Amendment rights" to publish on several Internet websites what he contends is "evidence of widespread misconduct in this Court." *Id.* 2–4. To prove his selective prosecution claim, Respondent seeks to "subpoena

documents and/or depose witnesses." *Id.* at 8; *see also* Mot. to Permit Discovery at 4 (arguing that "Respondent should be permitted to conduct discovery" to "pursue further evidence of . . . fraud and collusion"). The Committee responds that Respondent's selective prosecution claim falls short because he has "neither proved that he was singled out for [an] ethical violation from others similarly situated, nor has he proved that [the] charges that were levied against him were motivated by a discriminatory purpose." Amended Opp. to Mot. to Dismiss at 4. And because "Respondent has not alleged in any sufficient detail that he was the subject of . . . prohibit[ed] discriminatory treatment," the Committee argues that Respondent's "basis for seeking discovery to prove his selective prosecution claim lacks merit." Opp. to Mot. to Permit Discovery at 3.

To make out a claim for selective prosecution, Respondent "must show both (1) that he was singled out for prosecution from others similarly situated and (2) that his prosecution was motivated by a discriminatory purpose." *United States v. Khanu*, 664 F. Supp. 2d 28, 31 (D.D.C. 2009). Moreover, to overcome the presumption that the Committee "ha[s] properly discharged [its] official duties," Respondent "must present clear evidence to the contrary." *United States v. Armstrong*, 517 U.S. 456, 464–65 (1996) (quotation marks omitted). A litigant "alleging or invoking the selective prosecution defense, even at the discovery stage, must offer at least a colorable claim both that the prosecution was improperly motivated and that it was selective in the first place." *Attorney General of the United States v. Irish People, Inc.*, 684 F.2d 928, 932 (D.C. Cir. 1982); *see also Khanu*, 664 F. Supp. 2d at 31 ("To obtain discovery, the defendant must put forth 'some evidence tending to show the existence of the essential elements' of a selective prosecution claim." (quoting *Armstrong*, 517 U.S. at 468–69)).

Here, Respondent has not identified any evidence that would support a "colorable claim" of selective prosecution. He asserts that the Committee only "filed charges seeking to disbar the

Respondent" after he published a website presenting "evidence of the Committee's bias and dereliction," Mot. to Dismiss at 4 (emphasis removed), but he offers no basis to believe that any of the Committee's actions were motivated by the content of his website. Indeed, aside from a few sentences in the letter of complaint dated December 29, 2014, from attorney Patrick Kearney, which led the Committee to bring charges against Respondent, *see* Kearney Letter at 10–11, it is only the Respondent that has injected his First Amendment activities into this matter. At oral argument, Respondent pointed to the Committee's amended opposition to Respondent's motion to dismiss which briefly referenced his "blog," *see* Amended Opp. to Mot. to Dismiss at 4–5 (noting that the "helter-skelter unsupported contentions of the Respondent were based on . . . the outrageous statements made . . . in his blog"), but he neglects to consider that the Committee only mentioned the blog because Respondent explicitly addressed it in his motion, *see* Mot. to Dismiss at 4.

Simply put, Respondent has offered nothing more than conjecture in support of his selective prosecution allegation, falling far short of what would be required to open the Committee's internal deliberations regarding this matter and—in what is presumably an effort to prove disparate treatment—disciplinary matters involving *other* attorneys to discovery. Accordingly, Respondent's motions to dismiss and to permit discovery are both denied.[1]

---

[1] To the extent that Respondent's Motion to Dismiss for Want of Prosecution remains unresolved, that motion is also denied. As the Committee correctly points out, the Local Rules do not place a time limit upon the Committee to conduct its investigation or to oppose Respondent's motions, and, given the complexity and scope of this proceeding, the Committee's delay was not unreasonable. *See* Amended Opp. to Mot. to Dismiss at 2–3.

On October 13, 2016, Respondent filed a "Supplemental Motion to Dismiss and Motion to Permit Discovery." In light of the filing's repeated references to the Committee's opposition briefs, *see* Supp. Mot. to Dismiss and Mot. to Permit Discovery at 3–4, the Panel construes Respondent's supplemental motion as a consolidated reply brief to the Committee's opposition

3

**B.     Motion to Transfer**

Respondent also moves for a transfer of his disciplinary proceedings out of the United States District Court for the District of Columbia. Respondent argues that, because he "has been an outspoken critic of judicial misconduct in the D.C. District and in the Committee," he cannot "expect impartiality in the D.C. District." Mot. to Transfer at 6–7. As such, Respondent argues that the three judges that constitute this Panel should recuse themselves pursuant to 28 U.S.C. § 455, and that the proceedings "should be transferred outside the D.C. District or adjudicated by a panel of judges from outside the D.C. District." *Id.* The Committee interprets Respondent's motion as a request to transfer the proceedings under 28 U.S.C. § 1404(a), and argues that the request should be denied because "this forum satisfies the majority of the factors to be considered" when deciding whether to grant a transfer. Opp. to Mot. to Transfer at 1–2. Aside from noting that Respondent's assertion that "he will be unable to get a fair hearing" is "without evidentiary support," the Committee does not address Respondent's recusal argument. *Id.* at 1.

At its core, Respondent's argument is that, because his defense to the charges brought by the Committee involves proving that orders issued by other members of this Court "were tainted by ex parte communications, extrinsic fraud, and other misconduct," the Panel cannot give him a fair hearing. Mot. to Transfer at 5; *see also id.* at 1 ("[T]he Respondent will be required to attack the credibility of the presiding judges' colleagues."). But Respondent misunderstands the nature of this proceeding. This Panel has not been convened to adjudicate allegations against other members of this Court, but to decide whether *Respondent's* actions warrant a disciplinary response. The mere fact that Respondent has raised allegations against judges on this Court

---

briefs. To the extent that the supplemental motion raises new arguments in support of Respondent's motions to dismiss and to permit discovery, the Panel finds them unconvincing.

would not lead a reasonable person to doubt the impartiality of this Panel, nor does it entitle Respondent to a new forum. Particularly in light of the fact that this proceeding requires that the Panel determine the standards governing the practice of lawyers before this Court, transfer is inappropriate in the absence of an objective basis to question the ability of the Panel to fairly and impartially resolve the matter. Respondent has failed to establish any such appearance of bias. Accordingly, Respondent's motion to transfer is denied.

## CONCLUSION

Respondent's motions to dismiss, to permit discovery, and to transfer are hereby **DENIED.** The Panel will hold an evidentiary hearing on the merits of the Committee's charges against Respondent on Tuesday, November 29, 2016, at 2:00 p.m. in Courtroom 11.

**SO ORDERED.**

_____
Judge Christopher R. Cooper

_____
Judge Randolph D. Moss

_____
Judge Amit Mehta

Date: October 25, 2016